■ In the Matter of ALAN FRIED et al., Respondents, v CESAR A. PERALES et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York State Department of Social Services, dated November 3, 1983, and made after a fair hearing, as affirmed in part a determination of the local agency modifying a subsidized adoption agreement, the appeal is from a judgment of the Supreme Court, Kings County (Jones, J.), dated October 9, 1984 which annulled that portion of the State Commissioner's determination as affirmed the determination of the local agency, and directed the appellants to "provide petitioners with all services and payments (including any appropriate retroactive subsidies) contained in the subsidized Adoption Agreement that would be permitted under Social Services Law [former] Section 398 (6) (k)".

Judgment affirmed, without costs or disbursements.

The appellants contend that Special Term erred in annulling stated portions of a determination of the State Commissioner rendered after a fair hearing pursuant to Social Services Law § 455. The hearing officer presiding at the fair hearing concluded that the portion of an adoption subsidy agreement entered into between the petitioners and the New York City Department of Social Services, which provided for a recreational stipend, was unenforceable under Social Services Law article 6, title 9 (§ 450 *et seq.),* since the petitioners adopted their severely handicapped son after the effective date thereof. Prior thereto, the applicable law was set forth in

Social Services Law former § 398 (6) (k), under which a recreational stipend contained in an adoption subsidy agreement would represent a covered expense. It is undisputed that under Social Services Law § 450 *et seq.,* the instant recreational stipend is not a covered expense. On August 11, 1977, approximately three months after the New York City Department of Social Services had approved the subsidy agreement containing the recreational provision, the amended subsidized adoption statute became law (L 1977, ch 865, § 4).

Laws of 1977 (ch 865, § 4) states with respect to the applicability of the new law that, "[t]his act shall take effect on the ninetieth day next succeeding the date on which it shall have become a law [i.e., November 9, 1977] and shall apply only to children who have been adopted or placed out for adoption on or after such effective date". On April 12, 1978 the Surrogate's Court issued an order of adoption to the petitioners. On July 12, 1978 the petitioners signed the involved adoption subsidy agreement. Six days later, a representative of the New York City Department of Social Services signed the agreement.

Thereafter, the petitioners enrolled their son at an Oakhurst, New Jersey, summer camp for the physically disabled. The child attended the camp in the summers of 1979 through 1982. The expenses were paid without question by the New York City Department of Social Services under the agreement until 1982, when it began to question the expenses. The petitioners were informed that their agreement was governed by the recently added Social Services Law § 450 *et seq.* and that the recreational stipend was not covered. A fair hearing was conducted as to the propriety of the decision to terminate the recreational stipend, after which the State Commissioner concluded that Social Services Law § 450 *et seq.* was the applicable law and that the recreational stipend was unenforceable because, *inter alia,* the petitioners had adopted their child after its effective date. Thereafter, the petitioners instituted the instant proceeding pursuant to CPLR article 78 seeking to annul the State Commissioner's determination that the recreational stipend was unenforceable. Special Term annulled the commissioner's determination, concluding, in essence, that the circumstances of the case compelled the conclusion that the adoption subsidy agreement was governed by Social Services Law former § 398 and that the recreational stipend was enforceable. The State Commissioner and local commissioner now appeal. We affirm.

In arguing that the adoption subsidy agreement is governed by the new law, i.e., Social Services Law § 450 *et seq.,* the

appellants rely principally upon the Laws of 1977 (ch 865, § 4) which indicates that the new law is applicable to children either "adopted or placed out for adoption" after the effective date thereof. They argue that because the child was actually adopted in April 1978, Social Services Law § 450 *et seq.*, must apply, thereby precluding the enforceability of the recreational subsidy provision of the subsidized adoption agreement.

The appellants' reliance upon the provisions of Laws of 1977 (ch 865, § 4) is misplaced insofar as it is contended that they have had the effect of extinguishing the provisions of a subsidy. agreement approved prior to the effective date of the new law *(cf.* 18 NYCRR 421.4 [f]). Significantly, nothing in Laws of 1977 (ch 865, § 4) or the substantive provisions of Social Services Law title 9, purports to diminish rights conferred upon adoptive parents pursuant to a binding subsidy agreement. Moreover, the legislative history of the statute discloses, if anything, that the appellants' belated attempt to terminate rights under the subsidy agreement is manifestly contrary to the underlying objectives sought to be achieved by the law. As disclosed by the memorandum in support of the law, the framers of the statute were chiefly interested in creating a uniform methodology for the equitable dissemination of adoption subsidies. The framers were particularly concerned that the irregular manner by which subsidies had previously been conferred would, among other things, seriously impede the adoption of handicapped and hard to place children. Significantly, one of the objectives of the new law, as identified by the legislative memorandum, was to *"[p]rovide assurance to persons receiving cash subsidies for handicapped children or medical subsidies that such benefits shall continue in accordance with subsidy agreements or law in effect at the time of subsidy approval"* (NY Legis Ann, 1977, at p 288). It is undisputed at bar that the petitioners' subsidy agreement was approved prior to the effective date of the law.

The appellants nevertheless argue that because the adoption itself occurred after the effective date of the Laws of 1977 (ch 865, § 4), it necessarily applies so as to mandate the termination of the recreational stipend. We disagree. Review of the record discloses that, in reality, the decision to adopt had been reached long before the actual adoption process was finally completed in April 1978. A petition dated February 28, 1977, filed by the supervising agency, the Jewish Child Care Association of New York (hereinafter JCCA), specifically stated that "[a]doption by foster parents [the petitioners

herein] is anticipated within about *six months*". Moreover, the application for the adoption subsidy filed by the JCCA dated March 3, 1977, specifically names the petitioners as the proposed adoptive parents. Further, a succession of documents executed by Rita Long, Deputy Director of the Office of Accountability and Allocation of the Special Services for Children of the New York City Department of Social Services, dated June 10, August 9, and September 27, 1977, respectively, not only name the petitioners as prospective adoptive parents, but also specifically cite the applicable law as the old law, i.e., Social Services Law former § 398 (6) (k). Indeed, there was testimony adduced at the fair hearing that a case worker for the JCCA advised the petitioners of the new law and offered to finalize the agreement, at petitioners' option, either under the old or new law. The petitioners chose the old law because they preferred the recreational subsidy over the higher general rate available under the new law.

The unmistakable intent of the parties was that the adoption subsidy conferred was to be based upon, and governed by Social Services Law former § 398 (6) (k), the applicable law at the time of the petitioners' decision to adopt and the New York City Department of Social Services' decision to approve the subsidy agreement. Accordingly, since the events relative to the adoption subsidy agreement occurred prior to the effective date of the new law, the circumstances of this case manifestly compel the conclusion that the agreement is governed by Social Services Law former § 398 (*cf.* Social Services Law § 371). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.